IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-1525-JLK**

**DAMON O. BARRY and HEATHER BARRY,**

  Plaintiff,

v.

**COUNTRYWIDE HOME LOANS, F.S.B.,**

Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

KANE, J.

  This matter is currently before me on Defendant's Motion to Dismiss or for Summary Judgment (doc. 11) and its Motion for Sanctions Pursuant to Rule 11 (doc. 12). For the reasons stated below, Defendant's Motion to Dismiss or for Summary Judgment is HELD IN ABEYANCE pending supplemental briefing and Defendant's Motion for Sanctions Pursuant to Rule 11 is DENIED.

### I. PROCEDURAL BACKGROUND

  On June 25, 2007, Plaintiff Damon Barry consummated a home equity line of credit with Defendant Countrywide Home Loans, F.S.B., using his and his wife's principal residence as security. On June 25, 2010, Plaintiffs sent a written Notice of Rescission to Defendant. Defendant did not comply with the rescission; and on June 28, 2010, Plaintiffs filed this complaint, seeking a declaration that their transaction with Defendant had been rescinded and requesting an injunction preventing Defendant from foreclosing on their residence. Defendant filed a Motion to Dismiss or for Summary Judgment (doc. 11) and a Motion for Sanctions

Pursuant to Rule 11 (doc. 12).

## I. TIMELINESS OF PLAINTIFFS' COMPLAINT

Under the Truth in Lending Act ("TILA"), Plaintiffs had the right to rescind their transaction with Defendant until midnight on June 28, 2007. 15 U.S.C. § 1635(a). Plaintiffs argue, however, that because Defendant never made the required disclosures, their right of rescission terminated on June 25, 2010, three years after the consummation of the transaction. § 1635(f). Because I must view the facts in the light most favorable to Plaintiffs at this stage of the proceedings, *Adamson v. Multi. Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008), I presume that Plaintiffs' right of rescission did not terminate until three years after the consummation of their transaction with Defendant. As stated above, Plaintiffs sent their Notice of Rescission to Defendant on June 25, 2010, exactly three years after the consummation of their transaction. Plaintiffs did not, however, file this claim asserting that right until June 28, 2010, three days after their right of rescission had terminated.

The Tenth Circuit has not addressed whether termination of a plaintiff's right of rescission bars any future claims in which the plaintiff seeks to enforce his rescission right under TILA. The U.S. Supreme Court, however, addressed a parallel issue in *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 416-17 (1998). Although the facts of that case are distinguishable from those of the instant case, the Court used strong language, asserting that an obligor's right of rescission is "completely" extinguished after three years. *Id.* at 411-412.

Courts have interpreted *Beach* and the effect of the termination of an obligor's right to rescind on the timeliness of a claim in three distinct ways. *See Decosta v. U.S. Bancorp,* No. DKC 10-0301, 2010 WL 3824224, at *4 (D. Md. Sept. 27, 2010). Some courts have deemed a suit to be timely if an obligor merely gives notice of rescission within the three-year period. *See,*

*e.g., Briosos v. Wells Fargo Bank*, No. C 10-02834, 2010 WL 3341043, at *7 (N.D. Cal. Aug. 25, 2010). Other courts have held that a one-year statute of limitations is triggered either when a creditor refuses rescission or 20 days after the creditor receives notice of rescission, as long as the notice of rescission is given within the three-year period. *See, e.g., In re Hunter*, 400 B.R. 651, 658-59 (Bankr. N.D. Ill. 2009). Still other courts apply the statue of the limitations strictly, requiring an obligor to file his complaint within the three-year period regardless of when he gives notice of rescission. *See, e.g., Rosenfield v. HSBC Bank, USA*, No. 10-cv-00058-MSK-MEH, 2010 WL 3489926, at * 7 (D. Colo. Aug. 31, 2010) ("[A]n action to determine the effectiveness of a [r]escission must be commenced within three years of the loan.").

In light of these varying interpretations of the § 1635(f) limitation period, it is debatable whether Plaintiffs timely filed their complaint. The parties shall submit supplemental briefing presenting their arguments discussing the applicability of the statute of limitations to Plaintiffs' complaint. The briefs shall be submitted on or before Wednesday, January 12, 2011, and shall be no longer than 10 double-spaced pages in length.

## II. RULE 11 SANCTIONS

Fed. R. Civ. P. 11(c)(1) provides that: "If after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(b) states that an attorney, by presenting to the court a pleading, certifies that, after conducting an inquiry that was reasonable under the circumstances, he believes:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

        existing law or for establishing new law;
(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

I find that Plaintiffs' claims are not "groundless" or "patently false" as Defendant asserts. Def.'s Mot. for Sanctions Pursuant to Rule 11 (Doc. 12) at 2. Plaintiffs' attorney has submitted nonfrivolous pleadings with evidentiary support for a proper purpose. Defendant's Motion for Sanctions Pursuant to Rule 11 is, therefore, DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or for Summary Judgment is HELD IN ABEYANCE pending supplementary briefing from the parties, and Defendant's Motion for Sanctions Pursuant to Rule 11 is DENIED.

Dated: December 8, 2010                                             BY THE COURT:
                                                                                              **/s/ John L. Kane**
                                                                                              SENIOR U.S. DISTRICT JUDGE