IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action No. **10-cv-1525-JLK**

**DAMON O. BARRY and HEATHER BARRY,**

     Plaintiff,

v.

**COUNTRYWIDE HOME LOANS, F.S.B.,**

     Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO DISMISS

---

KANE, J.

In 2007, Plaintiffs Damon O. and Heather Barry[1] purchased their home, located on Clay Court in Westminster, Colorado, and occupied it as their principal residence.  They financed their purchase with two loans, the first in the principal amount of $701,000 and the second in the principal amount of $131, 250.

Soon thereafter, Plaintiffs applied to Defendant Countrywide Home Loans, F.S.B., for a home equity line of credit that would allow them to re-finance the second loan on the property and obtain additional credit.   On June 25, 2007, Plaintiffs consummated this home equity line of credit, using their principal residence as security.  The parties contest whether Defendant, in the

---

[1]  Defendants argue that because Mrs. Barry was not a borrower on the loan she has no right of rescission.  I need not resolve this issue and decline to do so.

1

course of providing this home equity line of credit, provided all of the disclosures required under the Truth in Lending Act ("TILA"), 15 U.S.C. § 501 *et seq.*.[2]

The intervening events are left to speculation, but in light of the widespread financial crisis which swept the nation soon after Plaintiffs purchased their property and secured the home equity line of credit, it seems most likely that Plaintiffs faced foreclosure on their property unless they were somehow able to discharge their debt obligations.  All speculation aside, pursuant to 15 U.S.C. § 1635(f), Plaintiffs sent a written Notice of Rescission to Defendant on June 25, 2010.  It is unclear whether Defendant acknowledged the rescission; but in any event Plaintiffs filed this complaint three days later, seeking a declaration that their transaction with Defendant had been rescinded and requesting an injunction preventing Defendant from foreclosing on their residence.

On August 23, 2010, Defendant filed the instant Motion to Dismiss or for Summary Judgment (doc. 11), arguing that Plaintiffs had not only received the required disclosures, they had signed the very disclosures Defendant was required to provide.  After reviewing the parties arguments, I ordered the parties to submit supplemental briefing discussing whether Plaintiffs' claim was timely filed in light of TILA's statute of repose.  Having reviewed that briefing, it is apparent that I lack subject matter jurisdiction to entertain Plaintiffs' claim.  Accordingly, Plaintiffs' claim is *sua sponte* DISMISSED WITH PREJUDICE, and Defendant's Motion to Dismiss or for Summary Judgment (doc. 11) is DENIED AS MOOT.

---

[2]  Specifically, Plaintiffs allege that Defendant failed to disclose properly the annual percentage rate, finance charge, amount financed, total of payments, and the payment schedule. They also argue Defendant failed to disclose the method of calculating the finance charge and the balance upon which finance charges were to be imposed.

## JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction. *Id*.

In enacting TILA, Congress created numerous public rights and benefits, including the right to rescind a loan agreement in certain, limited circumstances. *See* 15 U.S.C. §1635. Pursuant to §1635, a borrower is entitled to rescind a consumer credit transaction secured by a borrower's principal residence until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under TILA] . . . by notifying the creditor . . . of his intention to do so." *Id.* at § 1635(a). Even if a lender fails to make the required disclosures, however, the borrower's right to rescission expires three years after the date the transaction is consummated. *Id.* at §1635(f).

Accordingly, if Defendant made all the required disclosures at the date the transaction was consummated, Plaintiffs had the right to rescind their transaction with Defendant until midnight on June 28, 2007. 15 U.S.C. § 1635(a). Plaintiffs argue, however, that Defendant failed to make numerous disclosures required by TILA and as a result their right to rescind did not expire until June 25, 2010, three years after the consummation of their transaction. Defendant denies that it failed to make the required disclosures and argues that Plaintiffs' right to rescind the loan agreement expired on June 28, 2007. Because I must view the facts in the light most favorable to Plaintiffs at this stage of the proceedings, *Adamson v. Multi Cmty. Diversified Servs.*, 514 F.3d 1136, 1145 (10th Cir. 2008), I presume that Defendant did not make

the required disclosures; Plaintiffs' right of rescission did not terminate until three years after the consummation of their transaction with Defendant; and Plaintiffs' Notice of Rescission was timely filed.

This does not, however, end the jurisdictional inquiry. Plaintiffs mailed their written Notice of Rescission before their right to rescind expired, but they filed their complaint seeking to enforce that right three days after the right had expired. This small lacuna has significant implications. Although the Tenth Circuit has not addressed whether a party who has timely filed a Notice of Rescission may then file a claim to enforce the right of rescission after the expiration of the statutory period of repose, this is not an issue of first impression in this district. In *Rosenfield v. HSBC Bank, USA*, a case in which the borrower gave notice of rescission before the expiration of the right to rescind but filed her claim to enforce the right after the three year deadline, Judge Krieger held that the right to rescind "must both be invoked and sued upon within the three-year period . . . ." 2010 U.S. Dist. LEXIS 90218, *15 (D. Colo. Aug. 31, 2010).

Perhaps tellingly, despite my request for supplemental briefing on this very issue, Plaintiff has offered no argument as to why this interpretation of §1635(f) is erroneous. To the contrary, this decision is consistent with the Supreme Court's decision in *Beach v. Ocwen Federal Bank*, a factually distinguishable yet persuasive case addressing the operation of §1635(f) as a bar to defensive uses of the right to rescind. 523 U.S. 410 (1998). Although the facts of that case are distinguishable from those of the instant case, the Court used strong language, asserting that an obligor's right of rescission is "completely" extinguished after three years. *Id.* at 411-412.

The majority of courts considering the operation of §1635(f) in similar circumstances

4

have reached a similar conclusion:  § 1635(f) is a statute of repose which, without exception, extinguishes any right to rescind three years after a transaction has been consummated.  *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("Section 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); *DeCosta v. U.S. Bancorp*, 2010 U.S. Dist. LEXIS 101873, *5 (D. Md. Sept. 27, 2010); *Gilbert v. Deutsche Bank Trust Co. Americas*, 2010 U.S. Dist. LEXIS 67176, *13 (; *Falcocchia v. Saxon Mortgage*, 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010) ("[T]he three-year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled"); *Nix v. Option One Mortgage Corp.*, 2006 U.S. Dist. LEXIS 2289, *10-11 (D.N.J. Jan. 19, 2006); *but see Briosos v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 87735, *21-23 (N.D. Cal. Aug. 25, 2010).

Although at least one court has found that a Plaintiff may toll the TILA's statute of repose by filing a timely Notice of Rescission, *see In re Hunter*, 400 B.R. 651, 658-59 (Bankr. N.D. Ill. 2009), I find this result inconsistent with the clear language of the statute.  The right to exercise the right of rescission expires three years after the consummation of the transaction.  As another court considering this issue has noted, "the right to rescission is not actually 'exercised' until the lender recognizes that rescission is available or a court declares it so."  *DeCosta*, 2010 U.S. Dist. LEXIS 101873, *15.  Plaintiffs' timely mailing of their Notice of Rescission does not constitute a timely "exercise" of their right to rescission.

Furthermore, this result is contrary to the purpose of the statutorily imposed limitation on the exercise of the right.  Indeed, as Judge Krieger noted in *Rosenfield*, to allow a Plaintiff to file a claim enforcing the right to rescind after the expiration of the period of repose "introduce[s] a

lacuna between the expiration of the right to rescind and the time in which the lender might learn

of a purportedly timely Rescission that it does not recall receiving, with foreclosure (and perhaps

even subsequent sale) falling within that temporal no-man's land." 2010 U.S. Dist. LEXIS

90218, *15.  Because Plaintiffs failed to file their claim for relief before the expiration of the

statutory period of repose, I lack subject matter to grant the relief they seek and I dismiss their

claim with prejudice.[3] [4]  *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.

2002).

## CONCLUSION

Because I lack subject matter jurisdiction to hear Plaintiffs' rescission claim, their First

Claim for Relief it is DISMISSED WITH PREJUDICE.  Because their claim for injunctive relief

relies entirely upon the likely success of their claim for rescission, Plaintiffs' Second Claim for

Relief is also DISMISSED WITH PREJUDICE.  Defendant's Motion to Dismiss or for

Summary Judgment (doc. 11) is DENIED AS MOOT.

Dated:  February 8, 2011                          BY THE COURT:
                                                  **/s/ John L. Kane**
                                                  SENIOR U.S. DISTRICT JUDGE

---

[3]  Although this may seem like a harsh result, it bears repeating that Congress created the right of rescission in enacting the TILA.  It is axiomatic that "[w]hen Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability."  *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998).

[4]  Plaintiffs do not mention, and I do not address, whether Defendant's failure to respond to Plaintiffs' Notice of Rescission constitutes a violation of TILA for which they may be liable under 15 U.S.C. §1640.  Suffice it to say, however, that the one-year statute of limitations which applies to actions for damages resulting from TILA violations, *see* 15 U.S.C. § 1640(e), does not extend the three-year period of repose for exercising the right to rescind.  *See Rosenfield*, 2010 U.S. Dist. LEXIS at *16-17, *but see In re: Hunter*, 400 B.R. 651, 662 (Bankr. N.D. Ill. 2009).